# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

|  |  |  |
|---|---|---|
| THOMAS L. REMPFER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. 05-2350 (JR) |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF THE AIR | ) | |
| FORCE BOARD FOR THE CORRECTION OF | ) | |
| MILITARY RECORDS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

### DEFENDANTS' RESPONSE TO PLAINTIFFS' RESPONSE
### TO THE COURT'S ORDER OF OCTOBER 31, 2006

Pursuant to Fed. R. Civ. P. 4(i) and (m), defendants, the United States Department of the

Air Force Board for the Correction of Military Records ("AFBCMR"), the United States

Department of the Air Force ("AF"), the United States Department of Defense ("DoD"), and the

United States of America, through undersigned counsel, hereby object to plaintiffs' claim that

they have properly served defendants.  Without waiving any objections or defenses, defendants

are, however, willing to respond to the complaint at this juncture and respectfully request that the

Court grant defendants 60 days from the filing of this response, until February 12, 2007, within

which to respond to plaintiffs' complaint.  The undersigned counsel communicated with counsel

for plaintiffs concerning this filing on December 13, 2006, but has not yet received a response as

to whether or not plaintiffs will file an opposition.

As is explained in Fed. R. Civ. P. 4(i), service upon the United States is only perfected by

serving the United States Attorney for the district in which the action is brought, *and the*

Attorney General of the United States, *and* in a case such as this one, where an order of an agency of the United States is challenged, by also serving a copy of the complaint and summons upon the agency.  Fed. R. Civ. P. 4(i)(1)(A)-(C).  A plaintiff's time to serve these three entities is governed by Fed. R. Civ. P. 4(m), which holds:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

*Id.*

Plaintiffs filed the instant complaint on December 8, 2005.  Though summonses issued, and re-issued, on December 8, 2005, and April 27, 2006, plaintiffs did not attempt to effect service on any of the defendants until October 16, 2006.  According to plaintiffs' response to the Court's Order of October 31, 2006, they served the Attorney General on October 16, 2006, the United States Attorney for the District of Columbia on October 17, 2006, the AF on October 18, 2006, and the AFBCMR on October 23, 2006.  Even if service was perfected as to all of these defendants on the dates stated in plaintiffs' filing, service was well outside the 120-days provided for by Fed. R. Civ. P. 4(m).  Plaintiffs have yet to show good cause to explain their failure to comply with the Fed. R. Civ. P. on this issue.

Additionally, plaintiffs attempted to serve the United States Attorney for the District of Columbia by sending a copy of the complaint via certified mail to 501 3rd Street, N.W.,

Washington, DC, 20001.  *See* Exhibit 1 to Plaintiffs' Response to the Court's Order of October 31, 2006.  This is the street address of the United States Attorney's Office in the District of Columbia but it is not the mailing address listed for service.  The mailing address, as indicated on the United States Attorney for the District of Columbia's website is: 555 4th Street, N.W., Washington, DC, 20530.  *See* <<http://www.usdoj.gov/usao/dc/Contact_Us/index.html>>. While plaintiffs apparently have a return receipt indicating someone accepted their package at the United States Attorney's Office, because the package was not delivered to the mailing address, it was not sent to the intake office and was never entered into the filing system as received.  *See* Exhibit 1 to this Response.  As a result, defendants were uncertain as to whether or not plaintiffs had attempted to serve the United States Attorney for the District of Columbia, and therefore did not know if plaintiffs intended to proceed with this year-old action.

Without waiving any objections or defenses, defendants are, however, willing to proceed with a response to the complaint at this time, and defendants request that this Court allow defendants until February 12, 2007, (60 days from the filing of this response), in which to respond to plaintiffs' complaint in the above captioned case.

3

Dated: December 14, 2006          Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

VINCENT M. GARVEY
Deputy Branch Director

_____/s/_____
Jonathan E. Zimmerman (MA Bar #654255)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 6134
Washington, D.C., 20001
Telephone: (202) 353-0441
Fax: (202) 318-7610
jonathan.zimmerman@usdoj.gov

*Attorneys for Defendant*

4