

**DEPARTMENT OF THE AIR FORCE**
HEADQUARTERS 103D FIGHTER WING (ANG)
100 NICHOLSON ROAD
EAST GRANBY, CONNECTICUT 06026-9309

13 October, 1998

MEMORANDUM FOR 103d FW/CC

FROM: 103d MSF/DP

SUBJECT: Commander Options

Per your request, here are options you have concerning members who have concerns over certain conditions of Military Employment. If you have any questions/concerns, please call me at X-2339.

### OFFICERS:
- Verbal Admonition
- Verbal Reprimand
- Adverse Performance Report Remarks
- Administrative Discharge
    - Honorable Discharge/*General Characterization
    - *SAF Approval for less than honorable
    - TAG approval for Discharge/Separation
- Member Resignation
- State Court Martial
    - TAG/Governor Consent
- Effect is withdrawal of Federal Recognition

### ENLISTED
- Verbal Admonition
- Verbal Reprimand
- Withdrawal of Tuition/Incentive monies
- Administrative Discharge
    - Honorable/General Characterization
        - TAG approval
- Resignation
    - NON-Obligors Only
- Discharge/Separate at ETS
- State Court Martial
    - TAG/Governor Approval

MICHAEL P. BYRNES, Lt Col, CTANG
Director of Personnel

*Global Power For America*

AR-0109TLR

DRAFT - RJM

TO: 103 FW/CC

FROM: 103 FW/JA

DATE: 7 OCTOBER 1998

SUBJECT: REFUSAL OF CTANG MEMBERS TO TAKE ANTHRAX VACCINATION - OPTIONS

1. On Wednesday, 7 October 1998, Lt Col Mike Byrnes, Lt Col Dan Peabody and myself met to discuss your options in the event that members of the 103rd Fighter Wing of the Connecticut Air National Guard (CTANG) refuse to comply with an order to take the anthrax vaccination. The vaccination is being provided by the U.S. Department of Defense to service members for deployment preparation purposes in light that certain actual and potential adversaries are thought to possess biological weapons that may rely upon the deadly disease anthrax. A number of CTANG members, including officers, have voiced concerns about the vaccine and some have indicated that they will refuse to take the vaccination, even if directed to do so. Some members have even indicated that they will submit their resignation from the CTANG to avoid the inoculation. These concerns over taking the vaccine are being reviewed by others; our directive from you is to assume that the decision has been made to order the inoculation of members of the unit and that certain members refuse to follow that order, and that you wish to know your options. (All three of us recommend that members be inoculated in the duty status that will best ensure DoD health coverage and benefits in the event of any adverse effects caused by the vaccine. Active duty orders specifying the purpose of inoculation for anthrax might provide the best documentation. The 103rd Medical Squadron personnel may have more familiarity as to the best duty status for members for purposes of ensuring maximum DoD coverage.)

2. THE COURT-MARTIAL / NON-JUDICIAL PUNISHMENT OPTION: In order to prosecute service members under the Uniform Code of Military Justice (10 U.S.C § 801, et seq.), they must be on active duty orders pursuant to Title 10 of the United States Code (Federal active duty) during the commission of the offense, not on active duty pursuant to Title 32 of the U.S.C., and not on inactive duty training (weekend drills). Article 90 of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 90, does make it a violation of the UCMJ to disobey a lawful command of a superior commissioned officer. Had the shot been one that could have been administered once the service member entered Title 10 duty status on his way to Kuwait and the member refused, then UCMJ action could be taken. Members on Title 32 duty are subject to the Connecticut Code of Military Justice (CCMJ), Conn. Gen. Stat. § 27-141, et seq. Conn. Gen. Stat. § 27-229 does make willfully disobeying a lawful command of a superior commissioned officer an offense punishable by state court-martial. (Note: the CCMJ doesn't specify punishments, but rather requires that the Governor set a table of maximum punishments. I don't have such a table, but I am seeking a copy from the State Staff Judge Advocate.) As in Article 15 of the UCMJ, Conn. Gen. Stat. § 27-154 has a provision for non-judicial punishment. Please be advised that the CTANG has not had a CCMJ action in recent years and that a good deal of advice and guidance will need to be obtained from the CTARNG. You should make certain that the order to take the shot comes not just from you, but also from an officer in the chain of command in Title 32 status, as the Air National Guard Commander's Legal Deskbook leaves it uncertain whether an active duty Air Force officer can issue a binding order on an Air National Guard member and nobody has apparently issued an opinion regarding your unique legal status as an active duty Title 10 commander of an Air National Guard unit.

3. THE ADMINISTRATIVE OPTION: Different administrative actions will be effective depending upon the rank of the individual. A Letter of Reprimand (LOR), together with an appropriate downgrading of a performance report, could effectively terminate the military career of a Lieutenant or Captain, but would probably be ineffective against a Lieutenant Colonel or even a Major. For enlisted members, administrative demotion action pursuant to ANGI 36-2503 could be effective for E-2's and above. For more serious administrative action, enlisted members could face involuntary administrative discharge action that could result in less than an Honorable discharge pursuant to AFI 36-3209, Paragraph 3.21.3, "Commission of Serious Offense." Officers may face discharge action pursuant to AFI 36-3209, Paragraph 2.29.4, "Other serious or recurring misconduct that raises doubt regarding fitness for retention in the Air Force, regardless of whether such misconduct has resulted in judicial or nonjudicial punishment,"

(an officer disobeying a direct lawful order should qualify as serious misconduct) or Paragraph 2.29.13, "Intentional failure to perform assigned duties or complete required training," if getting the shot is considered an assigned duty.

4. RECOMMENDATIONS: The command response should vary depending upon the individual case. Those officers who have no service commitment are entitled to resign anyway and I do not recommend blocking such resignations only to institute military justice or administrative action. As you are aware, court-martial proceedings and administrative discharge board proceedings will be costly and time consuming. They should be used only when no other action will be effective in enforcing discipline. (As I previously mentioned, however, there may be situations where no other action will, in fact, be effective. Also, not every member will qualify for the right to present their case before an administrative discharge board.) I am available to discuss these matters further at any time at my civilian office at (860) 808-5090, or home at (203) 740-9499.

ROBERT L. MARCONI, Lieutenant Colonel, CTANG
Staff Judge Advocate