

**DEPARTMENTS OF THE ARMY AND THE AIR FORCE**
NATIONAL GUARD BUREAU
1411 JEFFERSON DAVIS HIGHWAY
ARLINGTON, VA  22202-3231

OCT 1 8 2004

MEMORANDUM FOR AFBCMR

FROM: ANG/DPP
1411 Jefferson Davis Highway
Arlington, VA 22202-3231

SUBJECT:  Application for Correction of Military Records -
Rempfer, Thomas L., 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

The attached Application for Correction of Military Records submitted by Major Thomas L. Rempfer, a former member of the Connecticut Air National Guard (CT ANG), is forwarded for your action.  Major Rempfer states that he was coerced to resign following his refusal to be vaccinated with the Anthrax vaccine (AVIP). He therefore requests reinstatement in the CT ANG, retroactive pay, allowances and promotion(s), as appropriate.  This headquarters recommends his request be denied.

Background.  In the fall of 1998, Major Rempfer alleges that he was ordered by his Wing Commander (Colonel Walter Burns), along with several other officers in the 103rd Fighter Wing (FW), to investigate the Department of Defense (DoD) Anthrax immunization program (AVIP).  Major Rempfer claims this group of officers was called by Tiger Team Alpha (TTA), and this team independently determined the DoD AVIP was illegal and unsafe.  Major Rempfer states that subsequent to presenting his opinion to Colonel Burns, he refused to accept an anthrax immunization, again, with several other officers.  Following this refusal, Major Rempfer claims he was forced to resign from the CT ANG.  There are several other peripheral issues mentioned in Major Rempfer's extensive package.

Discussion.  ANG/DPP has obtained an official legal review of this case (atch 1).  Major Rempfer asserts that the order for him to accept the AVIP immunization was not a lawful order, based on a federal judge's 22 Dec 03 injunction upon the Department of Defense (DoD) to cease immunizing DoD employees (atch 2), and Senate Resolution 278 (atch 4).  The injunction was pending the Food and Drug Administration's (FDA) release of a final report, which would determine the FDA's position as to the safety of the immunization program.  The FDA's final report stated the immunization program was indeed safe and effective for its intended use and posed no threat to recipients of the AVIP.  Therefore, the injunction was lifted on7 Jan 04 (atch 3) and the AVIP immunization program continued as before the injunction.

AR-0448TLR

Senate Resolution 278, dated 25 November 2003, *prior* to the district court injunction, is nothing more than a recommendation to the Secretary of Defense to *reconsider* the anthrax and smallpox immunization programs. This resolution is not a mandate or directive in nature. SR 278 was also published prior to the FDA report stating their confidence in the safety and effectiveness of the AVIP. Major Rempfer asserts that the injunction rendered all immunizations prior to the injunction, and the preceding orders to accept the AVIP, illegal and unlawful. However, this is an arbitrary statement produced by an attorney representing six service members discharged for the same reason as Major Rempfer (atch 5). The lifting of the injunction with the absence of a statement as to whether or not the injunction is retroactive does not indicate that the injunction is legally retroactive by default. Indeed, if it were retroactive, such a statement would be present and specific. A statement by an attorney in a newspaper article shall not be taken as legal precedence, has no clear or detailed statutory basis, and therefore cannot influence DoD policy. This position has been coordinated with NGB/JAG.

Recommendation. Having reviewed all available documentation, it is the opinion of this Headquarters that Major Rempfer's request is denied.

Questions should be directed to the undersigned, ANG/DPP, DSN 327-2823.

CHRISTOPHER N. VANDENBERG, SMSGT, USAF
Superintendent, Policy & Legislative Initiatives

Attachments:
1. Legal Review
2. Injunction, 22 Dec 03
3. Stay of Injunction, 7 Jan 04
4. Senate Resolution 278, 25 Nov 03
5. Newspaper article

cc:
HQ ARPC/IGQ
SAF/MRBR

AR-0449TLR

NGB-JA

13 October 2004

MEMORANDUM FOR ANG/DPP

SUBJECT: Applications for Correction of Military Records (Towne & Rempfer Cases)

1. I reviewed the applications of Maj Thomas Rempfer and Mr David Towne to the Air Force Board for Correction of Military Records (AFBCMR) to have their military records corrected. We received these case files after 28 Sep 04. Because the two cases share issues, they are discussed together. For the reasons below, both applications should be denied and no changes be made to the military records. However, it would also help to have more information in the case files, if available.

2. AUTHORITY: Federal law lets people ask to have their military records corrected. Air Force records may be corrected in accordance with AFI 36-2603 to remove errors or correct injustices. Normally, applicants must file within three years of the error or injustice. They have the burden of providing sufficient evidence of probable material error or injustice and should also exhaust all available and effective administrative remedies before applying to the AFBCMR.

3. FACTS – REMPFER CASE:

   a. Maj Rempfer requests that his OPR from the CT ANG be corrected and that he be reinstated to flying duties with the CT ANG. The case file contains many documents, but the most relevant are the following:

      (1) A DD Form 149, Application for Correction of Military Record, dated 19 Mar 04, with a 35 page memo from Maj Rempfer and other attachments. (Many documents discuss issues relating to the anthrax vaccine inoculation program (AVIP).)

      (2) An OPR for 09 Jul 98 – 14 Dec 98 for CPT Rempfer.

      (3) Capt Rempfer's 06 Dec 98 application for a Ready Reserve Assignment.

      (4) A 19 Feb 04 memo from the CT ANG showing they considered but did not accept Maj Rempfer as a pilot (after his second application). They reported that his experience and qualifications do not fit the needs of the unit and that this was their final review.

      (5) A 19 Mar 04 e-mail from the DoD IG explaining Maj Rempfer's allegations of reprisal did not meet the Whistleblower standards for a case of unfavorable personnel action or for a timely complaint.

      (6) A 03 Jan 04 memo from Lt Col Gaud, reflecting Maj Rempfer's good duty performance with the ESC/SE at Hanscom AFB.

AR-0450TLR

448

ATT 1

448

NGB-JA
SUBJECT: Applications for Correction on Military Records (Towne & Rempfer Cases)

b.  Maj Rempfer alleges he was part of a team that reviewed the AVIP for his CT ANG unit in 1998.  His review convinced him he should not take the shot and that it was an illegal order to request him to have the vaccine.  He wants his OPR corrected to reflect his duties for his commander concerning the AVIP.  He wants to be reinstated to the CT ANG and put back on flying duty.

c.  Maj Rempfer provides a detailed history of his involvement with the AVIP issue. His memo raises many different issues about the AVIP, the related laws and cases, and the status of his commander.  In his memo, Rempfer admits refusing to obey the order to receive the shot and refusing to obey an order not to talk to the media (see page 7).  He claims he and other officers who refused to take the shot were pressured to resign and leave the CT ANG.

d.  It appears Maj Rempfer is currently assigned to the ESC/SE at Hanscom AFB and performs about seven to ten days of duty per month.  However, the case file does not reflect whether he is currently holding a position with the ANG, the Air Force Reserves or the Civil Air Patrol.  He has been seeking a flying job.  His supervisor has given him a favorable recommendation to return to flying.  Maj Rempfer would also like to serve in the CT ANG, in part because he lives near a CT ANG base and has to commute over 200 miles round trip to work at Hanscom AFB.

4.  FACTS – TOWNE CASE:

a.  Mr Towne has requested that his discharge characterization be upgraded from General (Under Honorable Conditions) to Honorable and that he be reinstated in the Individual Ready Reserves.  His case file contains a DD Form 149 dated 18 Feb 04 and supporting documents.  These documents show information about Maj Towne's resignation and the AVIP.

b.  Mr Towne was a Major with the Kansas ANG in late 1999 when he decided he would not take the AVIP shot.  His records show he was a B-1 pilot.  Discharge board action was apparently started, because he submitted an unconditional resignation in lieu of board action.  However, the case file does not provide any other information about the proposed discharge board action.  His chain of command recommended his resignation be accepted and that he receive an Honorable service characterization.  However, he received a General (Under Honorable Conditions) characterization.

c.  On 06 Mar 01, the National Guard Bureau published Special Order AW-13 informing Maj Towne that his federal recognition was withdrawn and he was discharged form the Reserve of the Air Force.  When he left military service, he had over 13 years of total service for pay and was characterized as "ineligible" for reenlistment.

AR-0451TLR

449

ARR

NGB-JA
SUBJECT: Applications for Correction on Military Records (Towne & Rempfer Cases)

5. FACTS – ANTHRAX VACCINE PROGRAM:

a.    Mr Towne and Maj Rempfer both discuss the AVIP, DoD policy, FDA decisions, the related laws and court decisions. Both case files discuss a 22 Dec 03 preliminary injunction by Judge Sullivan, stopping the AVIP (Doe v. Rumsfeld, US District Court for the District of Columbia). Judge Sullivan found the DoD in violation of US law, an Executive Order and a DoD Directive. However, shortly after the injunction was ordered, the FDA published a final rule about the vaccine, which caused Judge Sullivan to stay (or end) the injunction in Jan 04.

b.    The case files also reference Senate Resolution 278, dated 25 Nov 03. That resolution expresses the sense of the Senate regarding smallpox and anthrax vaccines and recommends the Secretary of Defense reconsider the vaccination programs, assess the reports of adverse reactions to vaccines, and reevaluate the threat of attack by smallpox and anthrax. The resolution also recommends the Secretary of Defense and the Board for Correction of Military Records reconsider adverse actions taken against members for refusing to accept the anthrax or smallpox vaccine.

6. DISCUSSION:

a. The AVIP was controversial. It seems the DoD was seeking the best way to protect troops against a serious threat, using available resources and vaccines. But, some people became so concerned about the safety of the vaccine they refused to take it, even at the risk of possible administrative or punitive action.

b.    Military members are expected to obey orders and may also disobey orders they consider illegal. But, if and when they disobey orders, they face the perils of possible administrative or punitive action. In the case of the AVIP, members who refused the shots were considered to be unfit for deployed duty in Southwest Asia (SWA) and unfit for worldwide duty. Once a member was unfit for worldwide duty, they became less deployable and of less value as military members.

c. As the AVIP continued, personnel who refused shots were provided with medical information. People who continued to refuse to take the shots were considered for appropriate administrative and punitive actions, and then considered for discharge.

d. While the AVIP was controversial and important to both Rempfer and Towne, it is not the real issue in these cases. The key issue is whether Rempfer or Towne has proven that there is an injustice or an error in their record that requires correction. When focusing on this key issue, the AVIP is merely part of the background data.

AR-0452TLR

NGB-JA
SUBJECT: Applications for Correction on Military Records (Towne & Rempfer Cases)

e. Both Towne and Rempfer face three challenges in seeking the relief they requested.

(1) First, they are seeking relief long after the normal three-year limit for corrective actions. Towne's discharge was completed in Mar 01. Rempfer is appealing a Dec 98 OPR and a Dec 98 application for transfer. However, based on the dates of the Senate Resolution and Judge Sullivan's injunction, and because the three year limit may be waived, it may be proper to consider these cases for possible corrective action.

(2) Second, both are appealing actions they initiated. Towne resigned and Rempfer applied for a transfer. Air Force personnel took official actions in both cases, either granting the unconditional resignation Towne requested or approving the transfer Rempfer asked for. It does not appear to be any form of injustice or a factual error to grant an officer's own written request. Regardless of any allegations that Rempfer was pressured to apply for a transfer, it was ultimately his decision to complete and sign the form to make the request. He does not provide any convincing evidence he was coerced.

(3) Third, both are appealing official military actions that require judgment, but do not show factual errors or injustices. Supervisors, commanders and others often have to make judgments about officers. Their judgments are not facts.

(a) Air Force officials had to decide the proper characterization of Towne's service. This is a judgment or opinion based on the facts of Towne's service. The decision on the appropriate characterization is not a factual matter, but is instead a reflection of a judgment based on Towne's military record. It does not appear to be either a factual error or an injustice to characterize Towne's service as "General (Under Honorable Conditions)."

(b) In Rempfer's case, his superiors wrote his OPR based on his duty performance. What to include in that report is a judgment question. If they put something in his OPRs that he did not do, that would be a clear mistake of fact that should be corrected. However, the supervisor's discretion as to what facts and duties to report is not any indication of a factual mistake or an injustice in this case. Officers should not write their own OPRs. However, that is what Rempfer is asking to do.

(c) Additionally, Rempfer failed to appeal his OPR through the normal appeal process. His failure to use that system is another reason to deny his request.

f. Rempfer faces another serious challenge in his hope to get the requested relief. He wants to get back to a flying position and wants to get back to work with the CT ANG. He lives close to a CT ANG base and would prefer to work there and avoid the 200-mile long commute to Hanscom AFB (see page 21 of his memo). However, he has applied to the CT ANG twice and been refused.

AR-0453TLR

4

451

NGB-JA
SUBJECT: Applications for Correction on Military Records (Towne & Rempfer's Cases)

(1) These facts perhaps show some of Maj Rempfer's motivations. He wants to fly and wants a short commute. These desires do not prove any injustice or mistake.

(2) Rempfer is trying to overturn the CT ANG's decision not to accept him as a pilot. He is attempting to use the AFBCMR to force the CT ANG to hire him as a pilot. It would be inappropriate to use the AFBCMR process to force a state action. AFI 36-2603 concerns the correction of USAF records, not the correction or CT ANG records. AFI 36-2603 should not be considered a tool to appeal the actions of the individual state National Guards.

(3) Even if it was appropriate to use the procedures of AFI 36-2603 to overturn state actions, we have no information in the case file about why the CT ANG decided not to hire Rempfer. Perhaps they have enough pilots, better qualified pilots or pilots with more flying time or more recent flying time. Regardless of their reasons for not hiring him, it would be inappropriate to use the AFBCMR process to appeal the recent decision of the CT ANG Pilot Hiring Board. There is no information showing that the actions of the CT ANG Pilot Hiring Board are an error or an injustice.

7. ADDITIONAL INFORMATION: The case files need more information. AFI 36-2603, paragraphs 4.1 and 8.1 says the AFBCMR may get any pertinent military records. It would be prudent to provide the records early to help resolve the case, rather than wait for an official AFBCMR request or create a situation where the AFBCMR makes a poor decision because they only had an incomplete case file.

a. For the Rempfer case, the AFBCMR may ask about the facts surrounding his transfer request and whether it was granted. They may also ask about the details of his present military status and his military record in general. They may ask if Rempfer received any administrative or punitive action for his failure to obey orders. The AFBCMR may have questions about why Rempfer was not hired as a pilot by the CT ANG.

b. For the Towne case, the AFBCMR may ask about the discharge board action that started. What was Towne being discharged for? Was the AVIP shot refusal the only basis for discharge, or did Towne have other derogatory or negative information in the case file? What acknowledgements did he sign when he submitted his resignation? Did he acknowledge that he might receive a General service characterization?

c. Because neither Rempfer nor Towne make a convincing case for correction of their records, we are willing to make recommendations in both cases. However, more information should be added to the case files. More information will possibly provide key data we expect the AFBCMR will want to know.

AR-0454TLR

5

452
452

NGB-JA
SUBJECT: Applications for Correction on Military Records (Towne & Rempfer Cases)

8. CONCLUSIONS:

a. Mr Towne's request for AFBCMR action should be denied because it was filed late, and also because he has failed to show any mistake or injustice to be corrected. Additionally, there is no independent evidence of any such mistake or injustice. He voluntarily resigned and received an appropriate characterization of his service. There should be no change in his discharge characterization or IRR status.

b. Maj Rempfer's request for AFBCMR action should be denied because it was filed late, and also because he has failed to show any mistake or injustice to be corrected. His request to join the CT ANG as a pilot should be denied because it would be improper for the AFBCMR to overrule a state decision. Additionally, there is no independent evidence of any mistake or injustice in the actions Rempfer is challenging. In spite of his allegations, he voluntarily transferred. His superior's judgments about his OPR or the CT ANG's decisions about whether he should be a pilot in the CT ANG are judgment questions with no indication of any mistake or injustice towards Maj Rempfer.

9. Maj Herman Reinhold is the POC for this issue. Please contact him at DSN 327-2706 if you have any questions or if you wish him to review additional documents for the case file.

HERMAN REINHOLD, Major, USAF
Administrative Law Team

Attachments
    Towne and Rempfer Case Files

AR-0455TLR

6

