**DEPARTMENT OF THE AIR FORCE**
WASHINGTON DC

MAR 1 4 2007

Office Of The Assistant Secretary

AFBCMR
1535 Command Drive
EE Wing, 3rd Floor
Andrews AFB MD 20762-7002

Ms. Jane Dingle
c/o Mr. Dale Saran
621 Avalon Way
Plymouth, MA 02360

Dear Mr. Saran

   After careful consideration of your client's request for reconsideration of his application for correction of military records, Docket Number BC-2005-01103-2, the Board determined there was insufficient evidence of error or injustice to warrant corrective action. Accordingly, your client's application was again denied.

   This decision does not preclude an additional request for reconsideration, but such a request must be accompanied by newly discovered relevant evidence that was not available at the time of your original application. Absent such additional evidence, further consideration of your application is not possible.

   BY DIRECTION OF THE CHAIRMAN

                              RALPH J. PRETE
                              Chief Examiner
                              Air Force Board for Correction
                              of Military Records

Attachment:
Record of Board Proceedings

Cc: Counsel

AR-0018RED

ADDENDUM TO
RECORD OF PROCEEDINGS
AIR FORCE BOARD FOR CORRECTION OF MILITARY RECORDS

IN THE MATTER OF:                              DOCKET NUMBER: BC-2005-01103-2
                                               INDEX CODE: 110.02

RUSSELL E. DINGLE (DEC)                        COUNSEL: Dale Saran

                                               HEARING DESIRED: Yes

---

APPLICANT REQUESTS THAT:

His ordered/coerced discharge be documented as an illegal constructive termination, he receive back pay and allowances, plus lost rank/promotion and points caused by the illegal constructive discharge, and that an Officer Performance Report be changed to more accurately reflect his accomplishments.

---

STATEMENT OF FACTS

On 21 February 2006, the Board considered and denied his request but because of ongoing litigation (Doe v. Rumsfeld) surrounding the Anthrax Vaccination Program (AVIP) the Board provided a caveat that should the plaintiffs in the aforementioned case prevail against the Secretary of Defense, the Board would reconsider the applicant's request. For an accounting of the facts and circumstances surrounding the applicant's request and the rationale of the earlier decision by the Board, see the Record of Proceedings at Exhibit E.

On 8 September 2006, Lieutenant Colonel Tom Rempfer submitted a request for reconsideration wherein he indicated his request was to be used as a request for reconsideration for Lieutenant Colonel Dingle's widow as well (Exhibit F). On 9 February 2006, the US Court of Appeals for the DC Circuit had provided a decision in the aforementioned case (Exhibit G). On 13 September 2006, the Board asked HQ USAF/JAA for an advisory on the Court of Appeals judgment. On 18 September 2006, Counsel for Lieutenant Colonel Rempfer indicated he was performing as counsel for the estate of Lieutenant Colonel Dingle in the person of his widow (Exhibit H). JAA provided an advisory on 19 September 2006 that recommended denial of the applicant's reconsideration (Exhibit I).

---

AR-0019RED

2

THE BOARD CONCLUDES THAT:

1. The authority to reinstate an ANG member without the consent of the Governor lies outside the purview of this Board and is therefore moot. We originally agreed that should the plaintiff's in *Doe v. Rumsfeld* prevail we would reconsider the applicant's request to change an OPR to more fully represent his accomplishments. After careful and deliberate review of the HQ USAF/JAA advisory dated 19 September 2006, we conclude that the plaintiffs in *Doe v. Rumsfeld*, did not in fact prevail against the Secretary of Defense. Therefore, in the absence of evidence to the contrary, we find no compelling basis to recommend granting the relief sought in this application.

2. The applicant's case is adequately documented and it has not been shown that a personal appearance with or without counsel will materially add to our understanding of the issue(s) involved. Therefore, the request for a hearing is not favorably considered.

---

THE BOARD DETERMINES THAT:

The applicant be notified that the evidence presented did not demonstrate the existence of probable material error or injustice; and that the application will only be reconsidered upon the submission of newly discovered relevant evidence not considered with this application.

---

The following members of the Board considered this application in Executive Session on 20 February 2007, under the provisions of AFI 36-2603:

    Mr. Thomas S. Markiewicz, Chair
    Mr. Michael K. Gallogly, Member
    Mr. James W. Russell, III, Member

The following documentary evidence was considered:

    Exhibit E.  Record of Proceedings, dated 31 Mar 05, with exhibits A through G.
    Exhibit F.  Applicant, Email, dated 7 Sep 05.
    Exhibit G.  US Court of Appeals, Judgment, dated 9 Feb 06.
    Exhibit H.  Assignment of Counsel, Email, dated 18 Sep 06.
    Exhibit I.  HQ USAF/JAA, Memorandum, dated 19 Sep 06.



THOMAS S. MARKIEWICZ

AR-0020RED