| From: | Dale Saran [dsaranusmc@msn.com] |
|---|---|
| Sent: | Monday, September 18, 2006 11:42 PM |
| To: | White Bill Civ SAF/MRBC; Prete Ralph J Civ SAF/MRBC |
| Cc: | TRempfer@aol.com |
| Subject: | RE: Important clarifications for Docket # BC-2004-00944 |

Gentlemen,

I am Dale Saran, attorney for LtCol Rempfer AND the Estate of LtCol Russ Dingle in the person of his wife, Mrs. Jane Dingle. I am representing both servicemembers in these matters before the Board. While LtCol Rempfer has ably represented himself for quite some time now, he asked me to assist and I will be doing so. Please include me on any future correspondence - email is fine.

I will send along an electronic notice of appearance for both cases AND a hard copied via regular mail for the files.

I am a judge advocate and Major in the IRR of the United States Marine Corps, as well as a licensed attorney in Massachusetts, Maine, and Rhode Island. Please feel free to contact me at any time if you have any questions or believe there is something, either procedurally or substantively, that you believe I should know.

My thanks for your assistance.

Semper Fidelis,

Dale Saran

cell - 540-840-3394
bus - 800-670-2577
fax - 508-443-9493

_____

From: TRempfer@aol.com [mailto:TRempfer@aol.com]
Sent: Sunday, September 17, 2006 7:55 PM
To: bill.white2-03@andrews.af.mil; ralph.prete@andrews.af.mil
Cc: dsaranusmc@msn.com
Subject: Important clarifications for Docket # BC-2004-00944

Subject: DOCKET NUMBER: BC-2004-00944; INDEX CODE: 110.02

Re: COUNSEL: NONE; HEARING DESIRED: YES

Dear Mr. White and Mr. Prete:

1. Courtesy copied in this note is counsel for my case, Mr. Dale Saran. He will contact you with his professional information / appearance request. Also note that a hearing is still desired for this case in the reconsideration process.

2. As well please note that the end of the BCMR's previous determination on this case, labeled "documentary evidence was considered," lacked inclusion of the supplemental filing for this case, dated July 21, 2004. A PDF of that register mailed filing is attached. As a complainant in this case it is imperative to know whether or not the board members received this documentation in their first review, as well as the CD Rom with documentary evidence and the October 1998 briefing by Col Burns of the 103rd FW. Please respond to this question out of an abundance of caution, but know that I realize this is likely simply an unintentional oversight in the attachment documentation.

3. Additionally of note in the decision is the lack of a summary of the "APPLICANT'S REVIEW OF ADDITIONAL AIR FORCE EVALUATION."

H          1          AR-0028RED



DEPARTMENT OF THE AIR FORCE
HEADQUARTERS UNITED STATES AIR FORCE
WASHINGTON DC

19 September 2006

MEMORANDUM FOR AFBCMR

FROM: HQ USAF/JAA
1420 Air Force Pentagon
Washington DC 20330-1420

SUBJECT: Records Correction Application - Thomas L. Rempfer (BC-2004-0094)

This is in response to your request for our analysis of issues raised by the applicant in his request for reconsideration of your 2005 denial of his application for correction of his records. That application, predicated on illegality of the DoD Anthrax Vaccine Immunization Program (AVIP), requested that the AFBCMR reinstate him to Connecticut Air National Guard with back pay, allowances, longevity, lost aeronautical rating, rank, and a corrected officer performance report. The Board indicated that should the ongoing litigation (*Doe v. Rumsfeld*) surrounding the AVIP result in plaintiffs prevailing against the Secretary of Defense, the Board would reconsider the applicant's request.

In the litigation, the Government appealed the D.C. Circuit Court's injunction, but that injunction dissolved by operation of law when the Food and Drug Administration (FDA) classified the antivirus vaccine as safe and effective, and as not misbranded. On 9 February 2006, the U.S. Court of Appeals for the D.C. Circuit dismissed the litigation and remanded to the D.C. District Court the responsibility to consider the government's request to vacate its opinion in light of the FDA's classification of the vaccine.

In two e-mails constituting the basis of his request for reconsideration, the applicant asserts that, "the court's rulings confirmed the AVIP was illegal...." He further asserts that the appellate court's decision to remand the issue of vacation of the District Court's opinion instead of reversing it as requested by the government frees the AFBCMR to "adjudicate my case based on the merits presented." The applicant misinterprets the content and context of the appellate court decision. It did not leave intact a District Court judgment signifying that the plaintiffs had prevailed against the Secretary of Defense. The District Court opinion was but the articulation of its basis for issuing the injunction, which dissolved when the FDA acted. As the Court of Appeals specifically pointed out, the District Court's order never granted declaratory or any other form or relief except the injunction.

Accordingly, we recommend denial of this application for reconsideration.

RICHARD A. PETERSON
Deputy Chief, Administrative Law Division
Office of The Judge Advocate General

Attachment: AFBCMR File

AR-0029RED

12