UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS L. REMPFER, *et al.*, | ) <br> ) <br> ) |
| Plaintiffs, | ) Civil Action No. 05-2350 (JR) <br> ) |
| vs. | ) <br> ) <br> ) |
| UNITED STATES DEPARTMENT <br> OF THE AIR FORCE BOARD FOR THE <br> CORRECTION OF MILITARY RECORDS, <br> *et al.*, | ) <br> ) <br> ) <br> ) <br> ) |
| Defendants | ) |

**PLATINTIFF'S MOTION FOR LEAVE TO FILE A
SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), plaintiffs hereby seek leave to file this Supplemental Response to defendants' Motion to Dismiss.

The reason for this supplemental response is the final ruling issued by the Honorable Judge Emmet Sullivan of this Court clarifying the line of decisions in the Doe v. Rumsfeld litigation, making undeniably clear that plaintiffs there were the prevailing party and that the Anthrax Vaccine Immunization Program was, at its inception, illegal. This clarification by Judge Sullivan has important consequences in this litigation because (a) the Air Force Board for the Correction of Military Records (AFBCMR) specifically denied Plaintiffs' Rempfer and Dingle petition on the grounds that Doe v. Rumsfeld meant what has now been made clear by this latest decision, and (b) the defendants here have also argued that Doe v. Rumsfeld did not mean what plaintiffs have been saying all along. Thus, the most recent *Doe* opinion by Judge Sullivan eliminates all debate about the meaning of Doe v. Rumsfeld and of import for this Court's decision on the instant 12(b)(6) motion, it shows that plaintiffs here were correct all along about

-1-

both the meaning of Doe v. Rumsfeld and the illegality of the order to take the anthrax vaccine from the very inception of that program. For that reason, the defendants' motion here must be denied and the plaintiffs claim allowed to move forward so that their records may properly reflect their work and the fact that they were illegally discharged for refusing to comply with a patently illegal order.

Plaintiffs' counsel consulted with the defendants' counsel regarding this submission and was informed that the defendants will object to this reply and file their own memorandum, as well.

Dated: September 26, 2007

Respectfully submitted,

/s/
_____
Dale F. Saran, Esquire
MA Bar #654781
2 Stenton Avenue
Westerly, Rhode Island 02891
(401) 322-5049
dsaranusmc@msn.com

Mark S. Zaid, Esq.
D.C. Bar #440532
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20036
(202) 454-2809
ZaidMS@aol.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| THOMAS L. REMPFER, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 05-2350 (JR) |
| vs. | ) ) ) | |
| UNITED STATES DEPARTMENT OF THE AIR FORCE BOARD FOR THE CORRECTION OF MILITARY RECORDS, *et al.*, | ) ) ) ) ) ) | |
| Defendants | ) | |

### PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANTS' MOTION TO DISMISS

**FACTS:**

This Court has already received numerous (and voluminous) filings regarding the events of 1998-99 that led to plaintiffs discharges', their petitions for redress before the AFBCMR, and the legal precedents that apply to jurisdiction here in this Court. One case that bears additional detailed scrutiny because it illustrates the merit of plaintiffs' claims, is Doe v. Rumsfeld, 341 F. Supp. 2d 1 (D.D.C. 2004). The decision (in its latest form) also bears this Court's careful consideration because its meaning has been repeatedly recast and obscured by the government in an attempt to avoid the consequences of the ruling.

The plaintiffs have already submitted a summary of the Doe litigation in their first Opposition to Defendants' Motion to Dismiss (at pages 5-6). A brief summary should suffice. A group of plaintiffs sued the Department of Defense and the Food and Drug Administration over the Anthrax Vaccine Immunization Program (AVIP), the same program that this Court's plaintiffs were discharged for refusing to participate in. Doe v. Rumsfeld, 297 F.Supp.2d 119

(D.D.C. 2003).  The complaint alleged that the AVIP was in violation of a federal law, 10 U.S.C. §1107.  A preliminary injunction granting plaintiffs' relief was issued by this Court on Dec. 22, 2003.  Id.  The court found that the Anthrax vaccine Adsorbed (AVA) was not licensed for the purpose to which it was being put, in violation of the federal statute.  Within days of that decision, the Food and Drug Administration (FDA) issued a final rule on the safety and efficacy of the anthrax vaccine and the government moved for a stay of the injunction, which was granted on 7 January 2004.  Doe v. Rumsfeld, 297 F.Supp.2d 200 (D.D.C. 2004).  After more motions, the plaintiffs challenged the FDA's "final rule" issued on 30 Dec 2003 for being in violation of its own Agency rules and therefore null and void – thus rendering the AVIP, once again, illegal.  The plaintiffs again prevailed on summary judgment.  Doe v. Rumsfeld, 341 F.Supp.2d 1 (D.D.C. 2004).  The court issued a permanent injunction prohibiting the inoculation of any servicemembers using the AVIP, until and unless the FDA issued a proper finding of safety and efficacy for the anthrax vaccine.  Id.  An appeal of the Doe opinion granting the permanent injunction was taken, but ultimately was dismissed as moot in February of 2006 by the D.C. Circuit Court of Appeals, Doe v. Rumsfeld, 172 Fed. Appx. 327 (D.C. Cir. 2006), and remanded back to Judge Sullivan because the FDA had by then issued an allegedly proper final rule and order in December 2005.  70 Fed. Reg. 75180, 75182 (Dec. 19, 2005).  The only issue that remained was payment of plaintiffs' attorneys' fees, which the government challenged on motion.  This brings the case right up to the most recent decision rendered by Judge Sullivan.

## DOE V. RUMSFELD: CLARIFYING THE RESULT

In the latest decision, Doe v. Rumsfeld, No. 1:03cv707, 2007 U.S. Dist. LEXIS 60943 (DATE), a copy of which is attached at Exhibit "A", the payment of fees necessarily required analysis of the merits of the underlying positions of each side in the Doe litigation.  The plaintiffs

sought payment of fees under the "Equal Access to Justice Act", 28 U.S.C. § 2412(d). The defendants (including the FDA) opposed payment of fees on the grounds that plaintiffs were not entitled to fees if the government's position was "substantially justified" and, on one alternative ground, that the plaintiffs were not a "prevailing party" with respect to the appeal to the D.C. Circuit Court of Appeals.

In the first instance, the EAJA provides that a prevailing party in a non-tort suit against the United States is entitled to fees and expenses unless the government's position was "substantially justified." 28 U.S.C. § 2412(d)(1)(A). The Supreme Court has held that a position is substantially justified "if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Pierce v. Underwood, 487 U.S. 552, 556 (1988). It is unnecessary to engage in a line-by-line reading of Judge Sullivan's decision; it is sufficient to say that the Court found that the government's position, with respect to the legality of the AVIP, was not reasonable. Doe v. Rumsfeld, No. 1:03cv707, 2007 U.S. Dist. LEXIS 60943, *10 ("The Court concludes that the government was not substantially justified in this case.").

This has great import for the current plaintiffs in this court. The plaintiffs argued to the AFBCMR that Doe v. Rumsfeld meant that the AVIP was, at its inception, illegal. The plaintiffs pointed this out in 1999 – and it got them fired from the military. They have diligently pursued all possible means of redress to inform the public and clear their good name and reputation, including asking the AFBCMR to correct their records. The AFBCMR refused, even after being specifically pointed to the Doe v. Rumsfeld case. The AFBCMR denied that Doe meant what it clearly does and the AFBCMR found that the AVIP was not illegal at the time of its inception through a contorted argument about retroactivity imputed to the plaintiffs. This argument carried the day because of the procedural posture of the *Doe* litigation, where the permanent injunction

-5-

was lifted and the appeal rendered moot by the action of the FDA. The final Doe decision, however, takes away any possible ambiguity. Judge Sullivan's decision makes clear what plaintiffs here have been arguing all along – the government's position with respect to the Anthrax Vaccine Adsorbed and the Anthrax Program had no "reasonable basis in law or in fact". Pierce, 487 U.S. at 556 (1988).

This point holds equally with respect to the prevailing party status of the complainants in Doe. There have been assertions by the government that the fact that the appeal was mooted by the actions of the FDA means that the government somehow "won" on appeal in the Doe v. Rumsfeld litigation. Judge Sullivan's decision also clears away this myth.

> The Court concludes that plaintiffs are entitled to fees and costs relating to the appeal. Plaintiffs were litigating on appeal the very same issues on which they succeeded in this Court. The reason plaintiffs did not further succeed on appeal is because defendants mooted the appeal by giving plaintiffs the exact result they sought: revised action by the FDA. If defendants intended to accede to plaintiffs, they could have saved plaintiffs the expense of litigating the appeal by simply not appealing this Court's decision. As plaintiffs incurred additional expenses only because defendants unnecessarily pursued an appeal initially, it is reasonable that ***plaintiffs should be reimbursed*** for these expenses ***as they ultimately prevailed***.

Doe v. Rumsfeld, 2007 U.S. Dist. LEXIS 60943, *11 (emphasis added).

The import of this decision cannot be overstated. Plaintiffs here have been trying to tell the Department of Defense, through one of its sub-agencies, the Department of the Air Force, that its pursuit of the Anthrax Vaccine Program was against the law from the very beginning of the program. They were ordered silent, or alternatively, ordered to resign, because they tried to speak this truth. Ultimately, separate plaintiffs in Doe v. Rumsfeld proved what plaintiffs Rempfer and Dingle had been saying all along – that the anthrax vaccine was not licensed as a chemical prophylaxis against weaponized (aerosolized) anthrax spores; the vaccine was never

designed for nor contemplated such a use and thus it violated the FDA's regulations, numerous DoD regulations, Executive Orders, and federal law. Judge Sullivan has now stated this conclusively – for the third time.

Plaintiffs pointed this out in their first motion in opposition, prior to this most recent Doe decision. In other words, Judge Sullivan's recent decision said what plaintiffs here have been saying for some 8 years. Plaintiffs Dingle and Rempfer, after getting their records through multiple FOIA requests, presented all of this information to the AFBCMR, as well as the Doe precedent. The AFBCMR simply failed to consider these points and then denied that Doe v. Rumsfeld meant anything at all.

Now, in appealing that decision to this Court, the plaintiffs have presented all of this evidence again, including the AFBCMR's impossible reading of the Doe precedent. The defendants' here have taken the exact same position as the USAF Judge Advocate Advisory opinion, even going so far as to ask this court not to "stray into whether or not the AFBCMR was 'correct' in its denial of plaintiff's claim that he was constructively discharged as the result of an illegal order . . . Instead, the Court should limit its review to a determination of whether the AFBCMR followed the proper procedures and laws in rendering its decision." Def. Brief at 38. This is impossible. The illegality of the order *ab initio* is the entire issue. If the plaintiffs are correct, which the final Doe decision now makes even more clear than previously, then the plaintiffs must prevail, both on this motion and on the merits, because the AFBCMR has ignored the law. It has rendered an opinion that is contrary to the law and by the very definition, arbitrary and capricious.

**CONCLUSION**

The final <u>Doe v. Rumsfeld</u> opinion establishes conclusively that the order given to plaintiffs in 1998 was, on its face, illegal. Plaintiffs were denied relief before AFBCMR due to erroneous reading of that case's holding, which was promulgated by the Judge Advocate Advisory opinions, solicited and adopted by the AFBCMR. The defendants in this action have also attempted to cast the <u>Doe v. Rumsfeld</u> case in that same light. In view of this most recent opinion, plaintiffs have filed this supplement to ensure that there is no question about what <u>Doe v. Rumsfeld</u> means and that it establishes conclusively that the government's position (in the <u>Doe</u> litigation) was wholly without merit. Taking the facts and all reasonable inferences in a light most favorable to the plaintiffs, and for the reasons stated above, the Plaintiffs respectfully request that this court deny the defendant's motion to dismiss under Rule 12(b)(1) and 12(b)(6).

Dated: September 26, 2007

Respectfully submitted,

/s/
_____
Dale F. Saran, Esquire
MA Bar #654781
2 Stenton Avenue
Westerly, Rhode Island 02891
 (401) 322-5049
dsaranusmc@msn.com


Mark S. Zaid, Esq.
D.C. Bar #440532
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20036
(202) 454-2809
ZaidMS@aol.com

-9-

*Attorneys for Plaintiffs*

Case 1:05-cv-02350-JR   Document 27   Filed 09/26/2007   Page 9 of 9

-9-

*Attorneys for Plaintiffs*