UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| THOMAS L. REMPFER, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 05-2350 (JR) |
| vs. | ) ) ) | |
| UNITED STATES DEPARTMENT OF THE AIR FORCE BOARD FOR THE CORRECTION OF MILITARY RECORDS, *et al.*, | ) ) ) ) ) ) | |
| Defendants | ) | |

**PLATINTIFF'S SUPPLEMENTAL MEMORANDUM IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Plaintiffs hereby file the below supplemental response in light of the final ruling issued

by the Honorable Judge Emmet Sullivan of this Court clarifying the line of decisions in the Doe

v. Rumsfeld litigation, making undeniably clear that plaintiffs there were the prevailing party and

that the Anthrax Vaccine Immunization Program was, at its inception, illegal.  This clarification

by Judge Sullivan has important consequences in this litigation because (a) the Air Force Board

for the Correction of Military Records (AFBCMR) specifically denied Plaintiffs' Rempfer and

Dingle petition on the grounds that Doe v. Rumsfeld meant something other than what has now

been made clear by this latest decision, and (b) the defendants here have also argued that Doe v.

Rumsfeld did not mean what plaintiffs have been saying all along.  Thus, the most recent *Doe*

opinion by Judge Sullivan eliminates all debate about the meaning of Doe v. Rumsfeld and of

import for this Court's decision on the instant 12(b)(6) motion, it shows that plaintiffs here were

correct all along about both the meaning of Doe v. Rumsfeld and the illegality of the order to

take the anthrax vaccine from the very inception of that program.  For that reason, the

defendants' motion here must be denied and the plaintiffs claim allowed to move forward so that

their records may properly reflect their work and the fact that they were illegally discharged for

refusing to comply with a patently illegal order.

Plaintiffs' counsel consulted with the defendants' counsel regarding this submission and

was informed that the defendants will object to this supplemental memorandum and file and

objection and their own memorandum, as well.  Due to an improper filing using ECF on 26

September, 2007, this memorandum supplants that one.

Dated: October 5, 2007

Respectfully submitted,


/s/

_____

Dale F. Saran, Esquire
MA Bar #654781
2 Stenton Avenue
Westerly, Rhode Island 02891
(401) 322-5049
dsaranusmc@msn.com


Mark S. Zaid, Esq.
D.C. Bar #440532
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20036
(202) 454-2809
ZaidMS@aol.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


| | |
|---|---|
| THOMAS L. REMPFER, *et al.*,<br><br>        Plaintiffs,<br><br>    vs.<br><br>UNITED STATES DEPARTMENT<br>OF THE AIR FORCE BOARD FOR THE<br>CORRECTION OF MILITARY RECORDS,<br>*et al.*,<br><br>        Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 05-2350 (JR) |

## PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN RESPONSE
## TO DEFENDANTS' MOTION TO DISMISS

**FACTS:**

This Court has already received numerous (and voluminous) filings regarding the events

of 1998-99 that led to plaintiffs discharges', their petitions for redress before the AFBCMR, and

the legal precedents that apply to jurisdiction here in this Court.  One case that bears additional

detailed scrutiny because it illustrates the merit of plaintiffs' claims, is Doe v. Rumsfeld, 341 F.

Supp. 2d 1 (D.D.C. 2004).  The decision (in its latest form) also bears this Court's careful

consideration because its meaning has been repeatedly recast and obscured by the government in

an attempt to avoid the consequences of the ruling.

The plaintiffs have already submitted a summary of the Doe litigation in their first

Opposition to Defendants' Motion to Dismiss (at pages 5-6).  A brief summary should suffice.  A

group of plaintiffs sued the Department of Defense and the Food and Drug Administration over

the Anthrax Vaccine Immunization Program (AVIP), the same program that this Court's

plaintiffs were discharged for refusing to participate in.  Doe v. Rumsfeld, 297 F.Supp.2d 119

(D.D.C. 2003).  The complaint alleged that the AVIP was in violation of a federal law, 10 U.S.C.

§1107.  A preliminary injunction granting plaintiffs' relief was issued by this Court on Dec. 22,

2003.  Id.  The court found that the Anthrax vaccine Adsorbed (AVA) was not licensed for the

purpose to which it was being put, in violation of the federal statute.  Within days of that

decision, the Food and Drug Administration (FDA) issued a final rule on the safety and efficacy

of the anthrax vaccine and the government moved for a stay of the injunction, which was granted

on 7 January 2004.  Doe v. Rumsfeld, 297 F.Supp.2d 200 (D.D.C. 2004).  After more motions,

the plaintiffs challenged the FDA's "final rule" issued on 30 Dec 2003 for being in violation of

its own Agency rules and therefore null and void – thus rendering the AVIP, once again, illegal.

The plaintiffs again prevailed on summary judgment.  Doe v. Rumsfeld, 341 F.Supp.2d 1

(D.D.C. 2004).  The court issued a permanent injunction prohibiting the inoculation of any

servicemembers using the AVIP, until and unless the FDA issued a proper finding of safety and

efficacy for the anthrax vaccine.  Id.  An appeal of the Doe opinion granting the permanent

injunction was taken, but ultimately was dismissed as moot in February of 2006 by the D.C.

Circuit Court of Appeals, Doe v. Rumsfeld, 172 Fed. Appx. 327 (D.C. Cir. 2006), and remanded

back to Judge Sullivan because the FDA had by then issued an allegedly proper final rule and

order in December 2005.  70 Fed. Reg. 75180, 75182 (Dec. 19, 2005).  The only issue that

remained was payment of plaintiffs' attorneys' fees, which the government challenged on

motion.  This brings the case right up to the most recent decision rendered by Judge Sullivan.

## DOE V. RUMSFELD: CLARIFYING THE RESULT

In the latest decision, Doe v. Rumsfeld, No. 1:03cv707, 2007 U.S. Dist. LEXIS 60943

(DATE), a copy of which is attached at Exhibit "A", the payment of fees necessarily required

analysis of the merits of the underlying positions of each side in the Doe litigation.  The plaintiffs

sought payment of fees under the "Equal Access to Justice Act", 28 U.S.C. § 2412(d).  The

defendants (including the FDA) opposed payment of fees on the grounds that plaintiffs were not

entitled to fees if the government's position was "substantially justified" and, on one alternative

ground, that the plaintiffs were not a "prevailing party" with respect to the appeal to the D.C.

Circuit Court of Appeals.

In the first instance, the EAJA provides that a prevailing party in a non-tort suit against

the United States is entitled to fees and expenses unless the government's position was

"substantially justified." 28 U.S.C. § 2412(d)(1)(A).  The Supreme Court has held that a position

is substantially justified "if a reasonable person could think it correct, that is, if it has a

reasonable basis in law and fact." Pierce v. Underwood, 487 U.S. 552, 556 (1988).  It is

unnecessary to engage in a line-by-line reading of Judge Sullivan's decision; it is sufficient to

say that the Court found that the government's position, with respect to the legality of the AVIP,

was not reasonable. Doe v. Rumsfeld, No. 1:03cv707, 2007 U.S. Dist. LEXIS 60943, *10 ("The

Court concludes that the government was not substantially justified in this case.").

This has great import for the current plaintiffs in this court.  The plaintiffs argued to the

AFBCMR that Doe v. Rumsfeld meant that the AVIP was, at its inception, illegal.  The plaintiffs

pointed this out in 1999 – and it got them fired from the military.  They have diligently pursued

all possible means of redress to inform the public and clear their good name and reputation,

including asking the AFBCMR to correct their records.  The AFBCMR refused, even after being

specifically pointed to the Doe v. Rumsfeld case.  The AFBCMR denied that Doe meant what it

clearly does and the AFBCMR found that the AVIP was not illegal at the time of its inception

through a contorted argument about retroactivity imputed to the plaintiffs.  This argument carried

the day because of the procedural posture of the *Doe* litigation, where the permanent injunction

was lifted and the appeal rendered moot by the action of the FDA.  The final <u>Doe</u> decision,

however, takes away any possible ambiguity.  Judge Sullivan's decision makes clear what

plaintiffs here have been arguing all along – the government's position with respect to the

Anthrax Vaccine Adsorbed and the Anthrax Program had no "reasonable basis in law or in fact".

<u>Pierce</u>, 487 U.S. at 556 (1988).

This point holds equally with respect to the prevailing party status of the complainants in

<u>Doe</u>.  There have been assertions by the government that the fact that the appeal was mooted by

the actions of the FDA means that the government somehow "won" on appeal in the <u>Doe v.

Rumsfeld</u> litigation.  Judge Sullivan's decision also clears away this myth.

> The Court concludes that plaintiffs are entitled to fees and costs
> relating to the appeal. Plaintiffs were litigating on appeal the very
> same issues on which they succeeded in this Court.  The reason
> plaintiffs did not further succeed on appeal is because defendants
> mooted the appeal by giving plaintiffs the exact result they sought:
> revised action by the FDA.  If defendants intended to accede to
> plaintiffs, they could have saved plaintiffs the expense of litigating
> the appeal by simply not appealing this Court's decision.  As
> plaintiffs incurred additional expenses only because defendants
> unnecessarily pursued an appeal initially, it is reasonable that
> ***plaintiffs should be reimbursed*** for these expenses ***as they
> ultimately prevailed***.

<u>Doe v. Rumsfeld</u>, 2007 U.S. Dist. LEXIS 60943, *11 (emphasis added).

The import of this decision cannot be overstated.  Plaintiffs here have been trying to tell

the Department of Defense, through one of its sub-agencies, the Department of the Air Force,

that its pursuit of the Anthrax Vaccine Program was against the law from the very beginning of

the program.  They were ordered silent, or alternatively, ordered to resign, because they tried to

speak this truth.  Ultimately, separate plaintiffs in <u>Doe v. Rumsfeld</u> proved what plaintiffs

Rempfer and Dingle had been saying all along – that the anthrax vaccine was not licensed as a

chemical prophylaxis against weaponized (aerosolized) anthrax spores; the vaccine was never

designed for nor contemplated such a use and thus it violated the FDA's regulations, numerous

DoD regulations, Executive Orders, and federal law.  Judge Sullivan has now stated this

conclusively – for the third time.

Plaintiffs pointed this out in their first motion in opposition, prior to this most recent <u>Doe</u>

decision.  In other words, Judge Sullivan's recent decision said what plaintiffs here have been

saying for some 8 years.  Plaintiffs Dingle and Rempfer, after getting their records through

multiple FOIA requests, presented all of this information to the AFBCMR, as well as the <u>Doe</u>

precedent.  The AFBCMR simply failed to consider these points and then denied that <u>Doe v.

Rumsfeld</u> meant anything at all.

Now, in appealing that decision to this Court, the plaintiffs have presented all of this

evidence again, including the AFBCMR's impossible reading of the <u>Doe</u> precedent.  The

defendants' here have taken the exact same position as the USAF Judge Advocate Advisory

opinion, even going so far as to ask this court not to "stray into whether or not the AFBCMR was

'correct' in its denial of plaintiff's claim that he was constructively discharged as the result of an

illegal order . . . Instead, the Court should limit its review to a determination of whether the

AFBCMR followed the proper procedures and laws in rendering its decision."  Def. Brief at 38.

This is impossible.  The illegality of the order *ab initio* is the entire issue.  If the plaintiffs are

correct, which the final <u>Doe</u> decision now makes even more clear than previously, then the

plaintiffs must prevail, both on this motion and on the merits, because the AFBCMR has ignored

the law.  It has rendered an opinion that is contrary to the law and by the very definition,

arbitrary and capricious.

## **CONCLUSION**

The final <u>Doe v. Rumsfeld</u> opinion establishes conclusively that the order given to

plaintiffs in 1998 was, on its face, illegal.  Plaintiffs were denied relief before AFBCMR due to

erroneous reading of that case's holding, which was promulgated by the Judge Advocate

Advisory opinions, solicited and adopted by the AFBCMR.  The defendants in this action have

also attempted to cast the <u>Doe v. Rumsfeld</u> case in that same light.  In view of this most recent

opinion, plaintiffs have filed this supplement to ensure that there is no question about what <u>Doe</u>

<u>v. Rumsfeld</u> means and that it establishes conclusively that the government's position (in the

<u>Doe</u> litigation) was wholly without merit.  Taking the facts and all reasonable inferences in a

light most favorable to the plaintiffs, and for the reasons stated above, the Plaintiffs respectfully

request that this court deny the defendant's motion to dismiss under Rule 12(b)(1) and 12(b)(6).

Dated: September 26, 2007

Respectfully submitted,

/s/

_____
Dale F. Saran, Esquire
MA Bar #654781
2 Stenton Avenue
Westerly, Rhode Island 02891
 (401) 322-5049
dsaranusmc@msn.com


Mark S. Zaid, Esq.
D.C. Bar #440532
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20036
(202) 454-2809
ZaidMS@aol.com

*Attorneys for Plaintiffs*