UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| THOMAS L. REMPFER, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 05-2350 (JR) |
| v. | ) ) | |
| UNITED STATES DEPARTMENT OF THE AIR FORCE BOARD FOR THE CORRECTION OF MILITARY RECORDS, *et al.*, | ) ) ) ) ) | |
| Defendants. | ) ) | |

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' "SUPPLEMENTAL MEMORANDUM"

On October 5, 2007, plaintiffs filed a document they caption "Plaintiffs' Supplemental Memorandum in Response to Defendants' Motion to Dismiss." This pleading is a re-filed version of a pleading plaintiffs filed under the wrong category on September 26, 2007. *See* Notice of Corrected Docket Entry, September 27, 2007 ("NOTICE OF CORRECTED DOCKET ENTRY: re 27 Supplemental Memorandum, was entered in error and counsel was instructed to refile said pleading in the correct category.") [docket # 28]. Plaintiffs' "Supplemental Memorandum" consists of six pages of argument and an appended copy of a recent decision by the Federal District Court for the District of Columbia. Not only is the "Supplemental Memorandum" procedurally inappropriate, it is substantively irrelevant, and the Court should accordingly strike plaintiffs' "Supplemental Memorandum" as an unauthorized pleading.

**ARGUMENT**

I.    **Plaintiffs' "Supplemental Memorandum" is Procedurally Inappropriate**

This case is currently before the Court on defendants' motion to dismiss. Briefing on that motion was completed June 21, 2007. Plaintiffs have filed their "Supplemental Memorandum" following the close of briefing on the motion to dismiss without seeking leave of Court to do so, or citing any provision of the Fed. R. Civ. P. or the L. R. Civ. P. that permits them to file such a document.[1] The only conceivable procedural vehicles available to plaintiffs at this time are either a notice of recent authority, or a motion for leave to file a surreply. As it is, however, plaintiffs' "Supplemental Memorandum" cannot appropriately be filed as either of these types of pleadings.

Appended to plaintiffs' "Supplemental Memorandum" is a recent decision by this court granting a motion for attorneys' fees in *Doe v. Rumsfeld*, C.A. No. 03-707 (D.D.C. August 21, 2007) (this case is hereinafter referred to as "*Doe*"). To the extent the purpose of plaintiffs' "Supplemental Memorandum" is to alert the Court to the fact that this decision issued following the end of briefing in the instant case, plaintiffs could have filed a notice of recent authority. As filed, however, plaintiffs' "Supplemental Memorandum" goes well beyond what may properly be included in a notice of recent authority, providing six pages of argument on the purported effect the recent *Doe* fees decision supposedly has on this case. Such argument in a notice of recent authority is inappropriate, and often leads courts to treat a notice of recent authority as a surreply, or similarly argumentative pleading, instead. *See e.g. General Elec. Co. v. Latin American*

---

[1] In the version of the "Supplemental Memorandum" plaintiffs filed in error [docket #28] they did seek leave of Court to file the document pursuant to "Fed. R. Civ. P. 12(b)(1) and 12(b)(6)." *See id.* at 1. That filing, however, was stricken. When plaintiffs re-filed the pleading, [docket #29] they removed that sentence, and accordingly no longer make even this bare (and incorrect) attempt to seek leave to file.

*Imports, S.A.*, 187 F. Supp. 2d 749, 752 n. 1 (W.D. Ky. 2001) ("This 'Notice of Filing Supplemental Authority' is properly construed as a motion for leave to file a surreply, which is routinely denied by this court."); *Matthews v. Pickett County, Tennessee*, 136 F. Supp. 2d 861, 875 (M.D. Tenn. 2000) ("In view of the argument contained in [plaintiffs' notice of a recent Tennessee Supreme Court decision], the Court deems the Notice to be a second motion to alter or amend"), *vacated on other grounds* 46 Fed. Appx. 261 (6th Cir., Aug 28, 2002).

If plaintiffs' intent was instead to provide further argument related to the motion currently pending before the Court, as their "Supplemental Memorandum" does, the appropriate procedure is to file a surreply. Plaintiffs have not, however, moved for leave to file a surreply. "A party seeking to file a surreply must move the court for leave to file such a surreply." *Robinson v. The Detroit News, Inc.*, 211 F. Supp. 2d 101, 113 (D.D.C. 2002) (citing, *inter alia*, *Longwood Village Restaurant, Ltd. v. Ashcroft*, 157 F. Supp. 2d 61, 68 n. 3 (D.D.C. 2001).

Even if plaintiffs had properly moved for leave to file a surreply the Court should still deny such a motion. "The standard for granting leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Robinson*, 211 F. Supp. 2d at 113 (citing *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001)). Defendants' reply brief raised no new arguments. Furthermore, plaintiffs' "Supplemental Memorandum" mainly addresses the supposed import on this case of the 2004 decision on the merits in *Doe* enjoining the anthrax vaccination program and remanding to the Federal Drug Administration the final rule on the anthrax vaccine for further administrative proceedings. *See Doe v. Rumsfeld*, 341 F. Supp. 2d 1, 16 (D.D.C. 2004). The parties have already fully briefed this issue. *See* Mot. to Dismiss at 8-10, 35-45; Pls' Opp. to

Defs' Mot. to Dismiss at 32-35; Defs' Reply to Pls' Opp. at 23-25.  Plaintiffs themselves acknowledge as much in their "Supplemental Memorandum" noting that they "have already submitted a summary of the *Doe* litigation in their first Opposition to Defendants' Motion to Dismiss . . . ."  Pls' Supp. Mem. at 3.  Accordingly, even if plaintiffs had properly moved to file their "Supplemental Memorandum" as a surreply, the Court should deny that motion.

**II.     Plaintiffs' "Supplemental Memorandum" is Substantively Irrelevant**

Even if the Court were to permit plaintiffs to file their "Supplemental Memorandum," the argument they provide in that pleading is irrelevant to the issues currently before the Court.  The parties have already exhaustively briefed the question of the import of the 2004 district court decision on the merits in *Doe*.  *See* Mot. to Dismiss at 8-10, 35-45; Pls' Opp. to Defs' Mot. to Dismiss at 32-35; Defs' Reply to Pls' Opp. at 23-25.  The August 21, 2007, decision in *Doe* that plaintiffs append to their "Supplemental Memorandum" offers no new substance on this issue.  The August 2007 ruling is a decision on a petition for fees that comes nearly three years after the district court entered a decision on the merits, and nearly two years after the D.C. Circuit dismissed the appeal as moot.  While it is true, as plaintiffs point out, that the district court held, in the August 2007 fees decision, that the government's position in *Doe* was not "substantially justified" for purposes of a fee calculation under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), that decision has no bearing on the issues currently before the Court.  It does not clarify whether or not the 2004 *Doe* decision was retroactive, nor does it address the numerous other cases upholding the legality of orders given to service members to take the anthrax vaccine.  *See Mazares v. Dep't of the Navy*, 302 F.3d 1382, 1385 (Fed. Cir. 2002) ("The Navy did not exceed its authority or otherwise abuse its discretion by ordering [plaintiffs] to undergo anthrax

vaccination."); *United States v. Washington*, 57 M.J. 394, 398 (C.A.A.F. 2002) ("When a commander gives an order that is reasonably necessary to accomplish the mission– including. . .taking a vaccine to counter a biological weapon– the servicemember is obligated to obey or face punishment under Articles 90, 91, or 92, UCMJ."); *O'Neil v. Sec. of the Navy*, 76 F. Supp. 2d 641, 645 (W.D. Pa 2001) ("the evidence establishes that the anthrax vaccination program is a lawful response by defendants to the dangers with which the military personnel of the United States may be confronted in the future. . . the vaccine is not an experimental drug."); *United States v. Kisala*, 64 M.J. 50, 53 (C.A.A.F. 2006) ("The linchpin of this case is the presumed legality of the military order to receive the [anthrax] Vaccine.  The district court opinions neither recognize nor address this critical presumption." ).

In fact, in their "Supplemental Memorandum" plaintiffs continue to focus on *Doe v. Rumsfeld* without addressing any of the glaring procedural and legal deficiencies in their Complaint.  As defendants have explained in their prior filings, plaintiffs have filed this case too late to challenge their underlying discharges, and even if they had not, for a variety of reasons, they lack standing to do so.  Furthermore, their challenges to the decision of the Air Force Board for the Correction of Military Records (AFBCMR) are without merit.  The recent decision on the motion for fees in *Doe* does nothing to save the instant plaintiffs from the ills of their Complaint.

## CONCLUSION

For the reasons set forth above the Court should deny plaintiffs leave to file their "Supplemental Memorandum" and accordingly strike the "Supplemental Memorandum" from the record as an unauthorized pleading.

Dated: October 18, 2007

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

VINCENT M. GARVEY
Deputy Branch Director

          /s/ Jonathan Zimmerman

*Of Counsel:*
Major Thomas R. Uiselt
AFLOA/JACL
1501 Wilson Blvd., Suite 700
Arlington, VA 22209
Tel. (703) 696-8506
Fax. (703) 696-8578

Jonathan E. Zimmerman (MA Bar #654255)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 7116
Washington, D.C., 20001
Telephone: (202) 353-0441 / Fax: (202) 318-7610
jonathan.zimmerman@usdoj.gov
*Attorneys for Defendants*